IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD D. RICHARD, #2048626, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:21-cv-2545-G (BT) |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Richard D. Richard, a Texas prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the undersigned United States magistrate judge for findings and a recommendation pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should **DISMISS** Richard's federal habeas petition as untimely.

**Background**

On January 15, 2016, a Dallas County jury found Richard guilty of aggravated assault with a deadly weapon on a family member resulting in serious bodily injury as alleged in the indictment and sentenced him to 30 years in prison. *The State of Texas v. Richard Richard*, F-1320795-V; ECF No. 12-23 at 5. On March 29, 2017, the Court of Appeals for the Fifth District of Texas affirmed the judgment. *Richard v. State*, 05-16-00084-CR, 2017 WL 1164585, at *3 (Tex. App—Dallas Mar. 29, 2017, pet. ref'd). The Texas Court of Criminal Appeals (CCA)

refused Richard's petition for discretionary review (PDR) on October 18, 2017. *Richard v. State*, No. PD-0926-17 (Tex. Crim. App. Oct. 18, 2017); ECF No. 12-7. On March 26, 2018, the United States Supreme Court denied Richard's petition for a writ of certiorari, and, on May 29, 2018, it denied his motion for rehearing. *Richard v. Texas*, No. 17-7481 (2018).

Richard then filed a state habeas petition on August 13, 2019. ECF 12-23 at 26; *Richard v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (the prison mailbox rule applies to state habeas applications). The CCA denied Richard's petition without written order on June 30, 2021. *Ex parte Richard*, WR-90,969-01 (Tex. Crim. App. June 30, 2021); ECF No. 12-19.

Richard filed this federal habeas petition on September 11, 2021, making the following claims for relief:

1. A juror withheld material information during the *voir dire* process, denying him his right to a fair trial;

2. The trial court allowed a biased juror to remain on the jury;

3. The trial court abused its discretion by overruling his objection to keeping a biased juror on the jury; and

4. He was denied effective assistance of trial counsel because his attorney;

a. Failed to request a juror's removal from the jury and failed to timely object; and

b. Failed to request a mistrial.

ECF No. 3 at 6, 16. The State filed a response, arguing that Richard's federal habeas petition is time-barred. ECF No. 10. Richards did not file a reply, and the time to do so has passed.

## Legal Standards and Analysis

As explained, Richard's federal habeas petition is untimely, and he is not entitled to equitable tolling.

1. <u>Richard's federal habeas petition is untimely.</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs federal habeas proceedings. *See* AEDPA, Pub. L. 104-132, 110 Stat. 1214 (1996). The AEDPA imposes a one-year limitations period on federal habeas applications filed by state prisoners. 28 U.S.C. § 2244(d)(1). In most cases, including this one, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of—

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

The one-year period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Here, Richard does not argue for an accrual date other than the date on which the state judgment became final under Section 2244(d)(1)(A), and no reason to apply a later accrual date is apparent from the record. Thus, Richard's state judgment became final on May 29, 2018—the date the United States Supreme Court denied his motion for rehearing with respect to his denied petition for a writ of certiorari—and his federal habeas petition was due on or before May 29, 2019, more than two years before he filed it.

Further, statutory tolling under Section 2244(d)(2) is inapplicable. While Richard filed a state habeas petition, because it was not filed until August 13, 2019, after the expiration of the AEDPA's limitations period, it did not statutorily toll the limitations clock. *See, e.g., Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (citing § 2244(d)(2)); *Palacios v. Stephens,* 723 F.3d 600, 604 (5th Cir. 2013). Thus, absent equitable tolling, Richard's federal habeas petition is time-barred.

---

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

2. <u>Richard is not entitled to equitable tolling.</u>

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). To meet this burden, a petitioner must demonstrate (1) that he pursued federal review with due diligence and (2) that "'some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Richard appears to seek tolling based on the COVID-19 pandemic, claiming his petition is timely because "[d]ue to COVID-19 it took the Texas Court of Criminal Appeals and Dallas County—delayed most all court operations." ECF No. 3 at 20. But Richard's deadline to file a federal habeas petition or to file a state petition that might have tolled the limitations period was May 29, 2019, which was

5

before the start of the COVID-19 pandemic. Thus, COVID-19 did not cause him to miss the federal filing deadline, and he has not shown that he is entitled to equitable tolling. *See Holland*, 560 U.S. at 649 (requiring causal connection between the extraordinary circumstances and the untimely filing); *see also Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (same); *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) (same).

## Recommendation

The Court should DISMISS Richard's federal habeas petition as time-barred.

SO RECOMMENDED.

July 28, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).